## COMMONWEALTH *vs.* SAMUEL E. NEWELL.

The complaint on which, by *St.* 1852, *c.* 322, § 8, the forfeitures for unlawful single sales of intoxicating liquors may be recovered, is a complaint in a criminal process, and need not purport to be made in the name of any city or town, although that statute gives, as a concurrent remedy, an action of debt in the name of the city or town where the offence was committed, and provides that the forfeiture so recovered shall go to the town where the convicted party resides.

COMPLAINT on *St.* 1852, *c.* 322, § 8, in the following words: " To George W. Bryant, Esquire, a justice of the peace in and for the county of Plymouth, William P. Corthell of Abington in the county of Plymouth, on behalf of the Commonwealth of Massachusetts, on oath complains that Samuel E. Newell of Abington in the county of Plymouth, on the seventeenth day of August in the year eighteen hundred and fifty three, at Abington in the county of Plymouth, without any authority, appointment, or license therefor, duly made, had and obtained according to law, did unlawfully sell intoxicating liquors to Turner R. Holbrook—the same not being cider sold for other purposes than that of a beverage, and not being the fruit of the vine for the commemoration of the Lord's Supper—against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The defendant, being convicted by the justice, and again in the court of common pleas, moved in arrest of judgment, 1st, Because this was a criminal process, instead of a civil process. 2d. Because it was not made in behalf of the town of Abington. *Sanger,* J. overruled the motion, and the defendant alleged exceptions.

This case was argued and decided at October term 1854.

*N. C. Berry,* for the defendant. Where a statute creates an offence, and provides a remedy to recover the forfeiture, that remedy must be pursued. *Commonwealth* v. *Howes,* 15 Pick. 231. The *St.* of 1852, *c.* 322, § 8, provides that " any forfeiture or penalty arising under the seventh section may be recovered in an action of debt, brought in the name of the city or town

where the offence was committed, or by complaint before any justice of the peace." The complaint here intended is a civil process, as appears from its being given as a concurrent remedy with an action of debt; from the provision that " the forfeiture so recovered shall go to the town or city where the convicted party resides ; " and from the provisions of § 7, by which he is entitled, after two months' imprisonment, to be discharged as a prisoner committed for debt, and not as a poor convict imprisoned for nonpayment of fines and costs, under Rev. Sts. *c.* 145, § 3. But if a criminal complaint be intended, this complaint is defective, because it is not made on behalf of the town to which the forfeiture goes, and which is liable for the costs. *Commonwealth* v. *Fahey,* 5 Cush. 408. Rev. Sts. *c.* 121, § 23.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. 1. We are of opinion that the complaint on which, by *St.* 1852, *c.* 322, § 8, the forfeiture for unlawful single sales of liquor may be recovered is a complaint in a criminal process, and should, of course, be in the usual form of complaints in such process. This has been the uniform practice under that statute, and we have rendered many judgments on such complaints.

2. We are also of opinion that such complaints need not purport to be, nor in fact be, made in behalf of any town. The statute gives the forfeiture to the town where the convicted party resides, whenever it is sought by action of debt or by complaint; though the forfeiture would go to the Commonwealth if it were recovered by indictment. *Taunton* v. *Sproat,* 2 Gray, 429. The case is not like those in which a statute authorizes a *qui tam* information or action, or a popular action, and gives part of the penalty or damages to him who may prosecute therefor, and the remainder to the Commonwealth, or to some corporation or individual. In such cases, the process should doubtless show, on its face, who is entitled to the fruits of the process. See *Commonwealth* v. *Baker,* 2 Gray, 79. It is entirely different in a case like this, where the penalty, when recovered, can go only to a certain town, whoever may com‐ plain, or in whose behalf soever the complaint may be made.

*Exceptions overruled.*